96

(No. 34234.—

GEORGE F. KNAPP, Appellant, *vs.* ADRA M. HEPNER *et al.,*
Appellees.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

MULCAHY, MURPHY & DIERINGER, of Chicago, (HENRY
W. DIERINGER and JOHN J. DEVERY, of counsel,) for appellant.

MAX G. GULO, and BERRY & O'CONOR, both of Streator,
for appellees.

MR. JUSTICE HERSHEY delivered the opinion of the
court:

By his suit in the circuit court of Livingston County,
the plaintiff, George F. Knapp, sought to impose a constructive trust upon property which he previously had con-

veyed to the defendant Adra M. Hepner, claiming the latter had orally agreed to reconvey whenever requested. A hearing was held before a master, who found against the plaintiff, and the trial court entered a decree dismissing the suit for want of equity. A freehold being involved, the appeal comes directly to this court.

On September 9, 1946, the plaintiff, a 77-year-old bachelor, executed and recorded a warranty deed by which he conveyed a 160-acre farm to Adra M. Hepner and Anna Brandes, daughters of a cousin and his closest relatives. This was done in the office of an attorney (now deceased), who explained the legal effect of a deed and prevailed upon the plaintiff to reserve a life estate. The grantees were not present and did not learn of the transaction until some three years later, at which time the plaintiff mailed the deed to Anna Brandes with a note saying "I just was clearing out my safety deposit box and came across the Deed which I am mailing you."

However, in August of 1953, the plaintiff decided to sell the farm and asked the two women and their husbands to sign quit-claim deeds returning title to him. Mr. and Mrs. Brandes did so, but the Hepners refused. It was then that the plaintiff filed the instant suit, asserting that the Hepners held their one-half undivided interest in trust for him by reason of an oral agreement by which they promised to reconvey the property at any time he so demanded.

The validity of the 1946 deed is admitted, there being no evidence of mental incapacity, mistake, duress, undue influence or fraud. The plaintiff's sole contention is that equity should impress the property with a constructive trust on the basis of the alleged promise to reconvey.

In support of this contention, the plaintiff testified that in the summer of 1946 the women and their husbands visited him in Chicago, at which time he talked with them about the farm. He said that he then spoke of his intention to

deed the farm to them, but cautioned that he wanted it back if he needed it. According to this testimony, they said that anything he wanted was fine with them. The plaintiff also testified that a few days before the deed was executed he visited with both Mrs. Hepner and Mrs. Brandes at their homes and again discussed the matter with them, being told once more that anything he wanted would be all right with them. It was after this, he said, that he consulted his lawyer, assuring him that he had known the grantees all their lives and they had promised to give the title back any time he wanted it.

But this testimony was at variance with that given by him at a pretrial deposition hearing. At that time, when asked if he had talked to either Anna Brandes or Adra Hepner before the execution of the deed with reference to asking them about any reconveyance of the property, the plaintiff said: "Well, I guess that was understood. We didn't have any agreement or anything like that in writing or anything like that." Asked if he had ever asked them to make any promise that they would reconvey the property to him, he replied: "No, I didn't ask them anything like that. I took it for granted they would." He said he did not consider it necessary to have any agreement, either verbal or in writing.

To impress a trust upon property by parol evidence it is essential that the facts be established by clear and convincing proof, and unless the evidence is of that character a court should deny relief. *Maley* v. *Burns,* 6 Ill.2d 11.

The plaintiff does not make a convincing case. It is uncontradicted that he voluntarily executed and recorded this deed, after legal consultation and without any influence being exerted by the grantees. His testimony regarding an alleged promise to reconvey is not only uncorroborated, it is seriously impeached by prior inconsistent statements given at a deposition hearing. Moreover, the defendants, as well

as Mr. and Mrs. Brandes, denied the existence of any such agreement. It is clear that the findings of the master, adopted by the circuit court, are not manifestly against the weight of the evidence. The decree is affirmed.

*Decree affirmed.*